IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID OINONEN, GEORGIA LOWERY, ANDREW SCOTT CLAYTON, NANCY ELIZABETH BROWN, JOE PRICE, KELLY GORMAN, ABDOURAHMAN KEITA, Individually and on Behalf of Similarly Situated Employees, | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-1450-M |
| TRX, INC. and TRX TECHNOLOGY SERVICE, L.P., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' Motion for Leave to File First Amended Complaint [Docket Entry #9] and Defendants' Motion to Dismiss for failure to state a claim [Docket Entry #7]. The Court has deemed the Motion to Dismiss to be directed towards the First Amended Complaint. Having considered both Motions, the Court is of the opinion that the Motion to Dismiss should be GRANTED, with Plaintiffs being given leave to replead. The Motion for Leave to File is therefore DENIED as moot.

BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendants TRX, Inc. and TRX Technology Service, L.P. (collectively "TRX") develop and host software applications to automate manual processes and track transaction data in the travel industry. In 2008, TRX conducted a layoff. David Oinonen is a former TRX employee who was over forty years of age when he was terminated on May 27, 2008. He refused his severance offer from TRX, instead filing a charge under the Age Discrimination in Employment

Act ("ADEA")[1] with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a notice of right to sue on May 6, 2009, and Oinonen timely filed suit on August 4, 2009.

The other named Plaintiffs are also former employees of TRX who were over the age of forty when they were terminated during the 2008 layoff. However, unlike Oinonen, they accepted severance packages from TRX in which they explicitly waived their rights to file suit for ADEA claims and potentially assumed responsibility for TRX's damages, including attorneys' fees and costs, if they pursued ADEA claims. These Plaintiffs contend that their severance agreements and waivers are void or voidable because TRX failed to provide them with information regarding the identification of those laid off, the list of positions considered for termination, the job titles and ages of the terminated employees, and the ages of all employees in the same job classification, organization, or unit who were not laid off when they received their severance packages, as required by the Older Worker Benefit Protection Act ("OWBPA").[2]

The other Plaintiffs join Oinonen in their individual capacities and in a putative collective action of those individuals over forty who were terminated by TRX in the 2008 layoff, and who "were not given (or did not accept) a[n] OWBPA complaint waiver."[3] Plaintiffs allege disparate treatment age discrimination and disparate impact age discrimination under the ADEA, as well as a class action claim for a "pattern or practice" of intentional discrimination, and seek a declaratory judgment that the TRX severance packages, and the waivers contained therein, are void or voidable.

---

[1] 29 U.S.C. § 621, *et seq.*
[2] Pub. L. 101-433, 104 Stat. 978 (amending the ADEA).
[3] Plaintiffs' First Amended Complaint at 3. This quotation seems to confuse the OWBPA information with the waivers, but a precise determination of this portion of the class description is not necessary here.

ANALYSIS

    I.       Failure to Exhaust Administrative Remedies

As a preliminary matter, TRX asserts that all named Plaintiffs other than Oinonen failed to exhaust their administrative remedies, and cannot be excepted from this requirement by "piggybacking" on Oinonen's claims.

A plaintiff alleging employment discrimination under the ADEA must exhaust his administrative remedies before pursuing his claims in federal court.[4]  A plaintiff exhausts his administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the alleged discriminatory acts, and by filing suit within ninety days after receipt of the EEOC's notice of right to sue.[5]

Oinonen is the only plaintiff who filed a charge with the EEOC.  However, the so-called "single filing rule" allows plaintiffs who did not file an EEOC charge to piggyback on the EEOC charge filed by another "similarly situated" plaintiff if that charge provides notice of the collective nature of the claims.[6]

Like the other named Plaintiffs, Oinonen is over forty and was terminated by TRX during the 2008 layoff.  Those facts make the other Plaintiffs "similarly situated" to Oinonen as to their disparate treatment and disparate impact claims.  TRX does not dispute that Oinonen's charge provided notice of the collective nature of the ADEA claims.  Therefore, the other Plaintiffs may "piggyback" on Oinonen's disparate treatment and disparate impact claims without having individually exhausted their administrative remedies before the EEOC.

---

[4] 29 U.S.C. §§ 626(d)(1)(B), (e); *see Bettcher v. Brown Schools, Inc.*, 262 F.3d 492, 494 (5th Cir. 2001).
[5] *See Blanks v. Am. Airlines, Inc.*, 2008 U.S. Dist. LEXIS 62130, at *7-8 (N.D. Tex. Aug. 14, 2008) (McBryde, J.).
[6] *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223 (5th Cir. 1995) (citing *Anson v. Univ. of Tex. Health Science Center*, 962 F.2d 539, 541-43 (5th Cir. 1992)).

However, Plaintiffs have not exhausted their administrative remedies as to their claim regarding the validity of their severances and waivers, and therefore have no basis for "piggybacking" that claim on Oinonen's lawsuit. Oinonen did not raise such a claim in the charge he filed with the EEOC.[7] Therefore, piggybacking plaintiffs may not use Oinonen's lawsuit to effectively make an end run around the requirement to exhaust their administrative remedies.

TRX argues that, even if the other named Plaintiffs are allowed to "piggyback" on Oinonen's claims, this Court should dismiss all of the disparate impact claims, including Oinonen's, because those claims were not raised in the charge filed with the EEOC.

Oinonen's charge states that, "[b]ased on anecdotal evidence, the employer's recent reduction in force disproportionately affected workers over forty."[8] The charge goes on to state: "Mr. Oinonen contends that the true reason for the employer's action is unlawful employment discrimination because of his age."[9] Although the alternative nature of Oinonen's disparate impact claim is not precise, in the Court's view, the first statement gives both the EEOC and TRX sufficient notice of a potential disparate impact claim. The Court deems that a disparate impact claim was fairly raised in the EEOC charge and is properly before this Court, so it will not be dismissed on exhaustion grounds.

---

[7] *See Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 913 (5th Cir. 2000) (after exhausting administrative remedies, a plaintiff's civil action may be based only on claims that "could reasonably be expected to grow out of the initial charges of discrimination."); *Nat'l Assn. of Gov't Employees v. City of San Antonio*, 40 F.3d 698, 711-12 (5th Cir. 1994) (failing to assert a claim of discrimination in the EEOC charge precludes a plaintiff from including that claim in a later civil suit); *McDade v. Smurfit-Stone, Inc.*, 2006 U.S. Dist. LEXIS 6846, at *6-7 (N.D. Tex. Feb. 23, 2006) (Boyle, J.) (holding that, to permit a disparate impact claim to be raised in a civil suit, when it was not raised in the EEOC charge, would circumvent the EEOC's investigatory and conciliatory role); *cf. Mooney*, 54 F.3d at 1223 (noting that "[a]s long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking. However, where the party wishing to piggyback has filed his own EEOC charge, policy cuts the other way.").

[8] TRX's Motion to Dismiss, App. at 2.

[9] *Id.*

## II. Standard for 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*[10] and reaffirmed in *Ashcroft v. Iqbal*,[11] the pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support.[12] While a court must accept all of the plaintiff's factual allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."[13] A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do.[14] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[15] A claim has facial plausibility when the court can draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged.[16] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint stops short of showing that the pleader is plausibly entitled to relief.[17]

## III. Disparate Treatment

Under the ADEA, it is unlawful for an employer to discharge a person because of that person's age.[18] When a plaintiff alleges disparate treatment, liability depends on whether age actually motivated the employer's decision.[19] Therefore, in order to make a plausible allegation

---

[10] 550 U.S. 544 (2007).
[11] 129 S. Ct. 1937 (2009).
[12] *Id.* at 1949 (citations omitted).
[13] *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555).
[14] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[15] *Id.* at 570.
[16] *See id.* at 556.
[17] Fed. Rule Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.
[18] 29 U.S.C. § 623(a)(1).
[19] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

of disparate treatment in a mass layoff, Plaintiffs must plead facts identifying the discriminatory test or criteria used to determine the targets of the 2008 layoff, and which suggest that TRX *purposefully* adopted that discriminatory test or criteria to terminate Plaintiffs because of their ages. In other words, Plaintiffs must allege facts that would plausibly suggest that age was the "but-for" cause of TRX's decision to select Plaintiffs for termination.[20]

Plaintiffs have not alleged any facts identifying specific practices within TRX's termination process that would show that there was a discriminatory motive behind TRX's termination decisions. Instead, Plaintiffs allege in support of their disparate treatment claim that: (1) statistics show that workers over forty were "drastically more likely" to be laid off than workers under forty; (2) TRX lied to the EEOC about the layoff; and (3) TRX concealed information about the makeup of the layoff that it was required to provide to terminated employees under the OWBPA.

While the numbers and ages of terminated employees are facts to be taken into consideration, Plaintiffs' argument that the statistical evidence shows discriminatory *intent* is just that—an argument.

Nor is the Court bound by Plaintiffs' characterization of TRX's communications with the EEOC as "lies." In their proposed Amended Complaint, Plaintiffs refer to the following statement by TRX to the EEOC: "Please note that in its Position Statement, TRX mistakenly stated that the two lowest performers from the Quality Assurance team were laid off. . . . In reporting the information conveyed by TRX, we misstated the information provided and we apologize for any confusion that misstatement may have caused."[21] Nothing in this communication suggests that TRX lied to the EEOC; the statement on its face shows only that

---

[20] *See Gross v. FBL Financial Servs., Inc.*, 129 S. Ct. 2343, 2350-51 (2009) (citations omitted).
[21] First Amended Complaint at ¶ 34.

TRX, or TRX's counsel, mistakenly made a misstatement to the EEOC, which it corrected. TRX states that this correction was made promptly upon learning of the mistake, and that it was made prior to any administrative determination by the EEOC. Plaintiffs do not dispute these assertions. This series of events does not plausibly suggest an intent by TRX to discriminate against those over forty.

As for Plaintiffs' allegation that TRX failed to comply with the OWBPA requirements, even if there was non-compliance, it is germane only when an employer seeks to enforce a waiver as a defense to asserted ADEA claims.[22] An inference of discriminatory intent cannot be drawn from TRX's failure to provide information that it was not invariably required to provide.

TRX's Motion to Dismiss for failure to state a claim is therefore GRANTED, with leave to replead, as to Plaintiffs' disparate treatment claims.

IV. "Pattern or Practice" of Discrimination—Class Action Claim

Plaintiffs' proposed class action claim asserting a pattern and practice of intentional discrimination also fails, for two reasons. First, Plaintiffs do not sufficiently allege discriminatory motive on the part of TRX, nor do they allege that TRX officials engaged in subjective, standardless decision-making, which may be a mechanism for discrimination.[23]

Second, Plaintiffs fail to allege that the unlawful discrimination was the company's "standard operating procedure—the regular rather than the unusual practice."[24] A plaintiff cannot establish a "pattern or practice" based on "isolated or sporadic discriminatory acts by the

---

[22] 29 U.S.C. § 626(f)(1)(H).
[23] *See Boykin v. Georgia-Pacific Corp.*, 706 F.2d 1384, 1390 (5th Cir. 1983) ("Although proof of discriminatory motive is generally required in disparate treatment cases, the evidence of subjective, standardless decision-making by company officials, which is a convenient mechanism for discrimination, satisfies this requirement.") (citation omitted).
[24] *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (quoting *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 875 (1984) (internal quotation marks omitted)).

employer."[25] Plaintiffs have provided only statistics and conclusory allegations related to a single event, TRX's 2008 layoff. Such a "one-shot" event cannot constitute a pattern or practice of discrimination.[26]

TRX's Motion to Dismiss for failure to state a claim is therefore GRANTED, with leave to replead, as to Plaintiffs' class claim.

V.    Disparate Impact

Unlike disparate treatment, in which age actually motivates the employer's discrimination, claims that stress disparate impact involve "employment practices that are *facially neutral* in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity."[27]

TRX argues that Plaintiffs have not sufficiently pled a disparate impact age discrimination claim because they have not pled any factual allegations identifying a "specific test, requirement, or practice" within the selection process for the 2008 layoff that has an adverse impact on older workers.

In *Wards Cove Packing Co. v. Atonio*,[28] the Supreme Court held that the plaintiff's burden in establishing a prima facie case of disparate impact "goes beyond the need to show that there are statistical disparities in the employer's work force."[29] Rather, the plaintiff is responsible for "isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities."[30]

---

[25] *Id.* (quoting *Cooper*, 467 U.S. at 875) (internal quotation marks omitted).
[26] *See Sperling v. Hoffmann-La Roche, Inc.*, 924 F. Supp. 1346, 1364 (D.N.J. 1996).
[27] *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n. 15 (1977) (emphasis added).
[28] 490 U.S. 642 (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166,105 Stat 1074, *as recognized in Smith v. City of Jackson*, 544 U.S. 228, (2005).
[29] *Id.* at 656 (quoting *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988)).
[30] *Id.* (quoting *Watson*, 487 U.S. at 994).

The holding of *Ward* was explicitly reaffirmed in *Smith v. City of Jackson*.[31] In *Smith*, the Supreme Court upheld the dismissal of a disparate impact claim where the plaintiffs alleged that a new pay disproportionately impacted older workers, and provided statistics showing that younger employees tended to receive higher pay raises under the new plan than did older employees. The Court found that the employees failed to identify a "specific test, requirement, or practice within the pay plan that has an adverse impact on older workers."[32]

Plaintiffs point to the layoff itself as the practice that disparately impacted older workers. However, they do not identify any specific test, requirement, or practice in the layoff selection process that is allegedly responsible for the purported statistical disparities. Identifying a specific practice is not a trivial burden, and is necessary to protect employers from potential liability when the statistical imbalances are the result of legitimate and non-discriminatory employment actions.[33]

The closest Plaintiffs come to identifying a disparate impact practice is their speculation that, *if* TRX disfavored employees who had been in their positions for longer lengths of time, that could have led to a disproportionate termination of older workers.[34] However, the Supreme Court has held that the ADEA does not prohibit an employer from considering years of service when terminating an employee, its incidental effect notwithstanding.[35]

---

[31] 544 U.S. 228 (2005).

[32] *Id.* at 241. The Court went on to state: "As we held in *Wards Cove*, it is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is 'responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities.'" *Id.* (quoting *Wards Cove*, 490 U.S. at 656).

[33] *Meacham v. Knolls Atomic Power Lab.*, 128 S. Ct. 2395, 2406 (2008); *see also City of Jackson* (citing *Wards Cove*, 490 U.S. at 657).

[34] *See* First Amended Complaint at ¶ 60.

[35] *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612 (1993).

Plaintiffs' arguments about TRX's failure to disclose OWBPA information to the terminated employees and its alleged "lies" to the EEOC do not identify a disparate impact practice.

Finally, Plaintiffs suggest that a more specific policy or practice will be revealed in discovery.  However, a plaintiff cannot "unlock the doors of discovery . . . armed with nothing more than conclusions" in the hopes of meeting his or her pleading requirements under Rule 8.[36]

TRX's Motion to Dismiss is therefore GRANTED, with leave to replead, as to the specific employment practice supporting Plaintiffs' disparate impact claims.

VI.   Declaratory Judgment

Plaintiffs (with the exception of Oinonen) seek a declaratory judgment that their severance agreements and the waivers contained therein are void or voidable under the ADEA.  This claim may not now be pursued because of Plaintiffs' failure to exhaust their administrative remedies.  Plaintiffs may seek to replead this claim after they have exhausted their administrative remedies.

CONCLUSION

It is therefore ORDERED that the Motion to Dismiss is **GRANTED**, with leave to replead the disparate treatment and disparate impact claims.  The Motion for Leave to File First Amended Complaint is **DENIED** as moot.

**SO ORDERED.**

February 3, 2010.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[36] *Iqbal*, 129 S. Ct. at 1950.